UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:_____

TODD GRAVES GOLF SCHOOL, LLC

    Plaintiff,

v.

KIRK ALAN JUNGE, D/B/A SINGLE PLANE GOLF SCHOOLS

    Defendant

_____/

# COMPLAINT

Plaintiff Todd Graves Golf School, LLC ("Graves") states the following for its Complaint against Defendant Kirk Alan Junge d/b/a Single Plane Golf Schools ("Defendant").

## NATURE OF THE ACTION

1. This is a civil action arising under the United States Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.* ("Lanham Act") for cybersquatting under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125 *et seq.*

## PARTIES

2. Plaintiff, Todd Graves Golf School, LLC ("Graves") is a limited liability company organized under the laws of Oklahoma with its principal place of business in Edmond, Oklahoma. Graves regularly provides golf instruction services in this District.

3. Defendant is an individual residing in West Palm Beach, Florida operating a golf instruction business under the name Single Plane Golf Schools.

4. Defendant is the owner of the https://singleplanegolf.school, https://singleplanegolfswing.site/ and https://single-plane-golf-swing.com/ domain names.

## JURISDICTION AND VENUE

5. This action arises under 15 U.S.C. § 1125(d).  This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1121 (Lanham Act claims), and 28 U.S.C. § 1332(a)(1) as this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. This Court may exercise personal jurisdiction over Defendant because the Defendant is a resident of this state, is transacting business in Florida and caused an injury in this state by marketing and providing golf instruction services to Florida consumers using the SINGLE PLANE Marks through its interactive websites located at https://singleplanegolf.school, https://singleplanegolfswing.site/ and https://single-plane-golf-swing.com/.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this claim occurred here; and (b) the Defendant is subject to personal jurisdiction here.  Further, Defendant has committed acts of cybersquatting in this District, and has caused injury in this district.

8. This case involves an amount in controversy in excess of seventy-five thousand dollars ($75,000.00) for the damages suffered by Graves directly, exclusive of costs and interest.

## FACTS

**GRAVES'S TRADEMARK RIGHTS**

9. Graves markets and provides golf-related goods and services in connection Graves with a family of marks that utilize the words SINGLE PLANE, including Reg. Nos. 5040967,

4683879, 5268985, 5268986, 5041110, and 5771794.  Copies of these Certificates of Registration are attached as **Exhibit A** (the "SINGLE PLANE Marks").

10. Graves began using the SINGLE PLANE Marks in connection with golf-related products and services since at least as early as 2002 and started providing golf instruction services under the SINGLE PLANE Marks since at least December 31, 2012.

11. Graves has expended considerable resources in building the goodwill associated with its SINGLE PLANE Marks in connection with golf instruction services.

12. Graves markets its golf instruction services through its family of SINGLE PLANE branded websites, including singleplane.co.uk, singleplane.eu, singleplane.golf, singleplane3d.com, singleplane3d.golf, singleplane3dgolf.com, singleplaneacademy.com, singleplaneacademy.net, singleplaneacademy.org, singleplanegolf.co.uk, singleplanegolf.eu, singleplanegolf.net, singleplanegolf.tv, singleplanegolf3d.com, singleplanegolfclubs.com, singleplanegolffix.com, singleplaneinstruction.com, singleplaneinstructors.biz, singleplaneinstructors.co, singleplaneinstructors.com, singleplaneinstructors.info, singleplaneinstructors.net, singleplaneinstructors.org, singleplaneputting.com, singleplaneputtingsystem.com, singleplaneuniveristy.com, thesingleplane.com, thesingleplane.golf, thesingleplaneexperience.com, and thesingleplanegolfuniversity.com

13. Graves specifically promotes the golf instruction services offered under the SINGLE PLANE Marks at the websites located at singleplaneinstructors.com and moenormangolf.com.  Copies of these Graves websites are attached as **Exhibit B**.

**DEFENDANT'S CYBERSQUATTING**

14. Defendant knows Graves and, upon information and belief, Defendant was monitoring the trademarks Graves used to operate its business for many years.

15. Defendant had actual notice of Graves' use of the SINGLE PLANE Marks in connection with golf instruction prior to registering the https://singleplanegolf.school, https://singleplanegolfswing.site/ and https://single-plane-golf-swing.com/ domain names (the "Infringing Domain Names") beginning in October of 2019. The WHOIS report for each of the Infringing Domain Names is attached as **Exhibit C**.

16. Beginning in 2019, Defendant began directing the Infringing Domain Names to competing golf instruction websites to confuse consumers into believing Defendant is associated, sponsored, or affiliated with Graves. Copies of the websites are attached as **Exhibit D**.

17. Defendant registered the Infringing Domain Names in bad faith, with actual knowledge of Graves' rights in the SINGLE PLANE Marks.

18. Defendant registered the Infringing Domain Names without identifying himself or his d/b/a as the registrant of the domain name to hide his identity.

19. Moreover, Defendant has used, and continues to use the Infringing Domain Names to confuse consumers and divert consumers from Graves' business by directing them to Defendant's website, which offers directly competing golf instruction services.

20. The Infringing Domain Names are confusingly similar to the SINGLE PLANE Marks.

21. Defendant acted with a bad faith intent to profit from his registration and use of the Infringing Domain Names. In addition, Defendant's violations of the SINGLE PLANE Marks demonstrate an intent to divert customers from Graves's online locations for commercial gain.

## COUNT ONE
## ANTICYBERSQUATTING CONSUMER PROTECTION ACT
## (15 U.S.C. §1125(d))

22. Graves restates the preceding paragraphs as if fully incorporated herein.

23. Defendant registered and is using the Infringing Domain Names in bad faith.

24. The SINGLE PLANE Marks were distinctive at the time of Defendant's registration of the Infringing Domain Names.

25. The Infringing Domain Names are confusingly similar to the SINGLE PLANE Marks.

26. Graves has registrations for the SINGLE PLANE Marks with the United States Patent and Trademark Office in connection with golf instruction services.

27. Defendant has no bona fide use of the Infringing Domain Names.

28. Defendant's intent in registering and using the Infringing Domain Names was and is to divert consumers from the Graves's online locations to Defendant's website solely to harm the goodwill of the SINGLE PLANE Marks and Graves for commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the content of Defendant's websites.

29. Defendant is using the Infringing Domain Names without authorization from Graves and with the bad faith intent to mislead and deceive the public.

30. The aforesaid actions constitute cyberpiracy in violation of § 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

31. Defendant's unauthorized registration and use of the Infringing Domain Names has, is, and, unless remedied, will continue to cause injury to Graves and the goodwill Graves has built in the SINGLE PLANE Marks and its business reputation.

32. Graves has no adequate remedy at law.

**WHEREFORE**, Graves prays the Court enter judgment in its favor and against Defendant as follows:

1. That the Court find Defendant registered and/or used the Infringing Domain Names in violation of the ACPA and order Defendant to transfer the Infringing Domain Names to Graves and order Defendant to pay Graves $200,000 in statutory damages and Graves' attorneys' fees because of the exceptional nature of this case;

2. That the Court permanently restrain and enjoin Defendant, his agents, servants, employees, and other persons in active concert with Defendant, from any and all further use of any domain name incorporating the words "SINGLE PLANE";

3. That the Court enter an order directing Defendant to engage in such advertisements as reasonably required to correct the misinformation in the marketplace that it is associated with Graves and give notice to all of Defendant's customers that he is not associated with Graves;

4. That, pursuant to 15 U.S.C. § 1116, Defendant be directed to file with the Court and serve upon Graves within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction; and

5. That the Court grant Graves such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Graves requests a jury trial for all causes of action so triable.

Dated: April 29, 2021	LEWIS BRISBOIS BISGAARD & SMITH LLP
*Attorneys for Plaintiff*
110 SE 6th Street, Suite 2600
Fort Lauderdale, FL 33301
Telephone: (954) 728-1280
Facsimile: (954) 728-1282


By: *s/Ishmael Green*
Ishmael Green
Fla. Bar No. 109100
Ishmael.Green@lewisbrisbois.com
Linda.Yun@lewisbrisbois.com
ftlemaildesig@lewisbrisbois.com